IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**CANDACE NIKKI THOMAS**                                                       **PLAINTIFF**

**v.**                                **CIVIL ACTION NO. 3:23-cv-163-HTW-MTP**

**COMMISSIONER OF SOCIAL SECURITY**                                **DEFENDANT**

## REPORT AND RECOMMENDATION

Plaintiff Candace Nikki Thomas brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security Administration. Having considered the parties' submissions, the record, and the applicable law, the undersigned recommends that the Commissioner's final decision be AFFIRMED and this action be DISMISSED with prejudice.

## PROCEDURAL HISTORY

On March 23, 2021, Plaintiff applied for disability insurance benefits and supplemental security income at age 39, alleging that she has been disabled since February 1, 2021, due to degenerative disc disease, spinal stenosis, left foot deformity, carpal tunnel syndrome, fibromyalgia, sleep disorder, and breathing problems. (Administrative Record [10-2] at 5; [10-5] at 6). After the agency denied Plaintiff's claims, an Administrative Law Judge ("ALJ") conducted a hearing, and on September 26, 2022, the ALJ issued a decision finding that Plaintiff was not disabled. ([10-1] at 15-36). Plaintiff then appealed the ALJ's decision to the Appeals Council. On January 24, 2023, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. ([10-1] at 2-6). Plaintiff now seeks judicial review in this Court under 42 U.S.C. § 405(g).

1

**ADMINISTRATIVE LAW JUDGE'S DECISION**

In his September 26, 2022, decision, the ALJ applied the five-step sequential analysis set forth in 20 C.F.R. § 404.1520(b)-(f)[1] and determined that Plaintiff was not disabled. At step one, the ALJ noted that Plaintiff worked after the alleged disability onset date—February 1, 2021—but found that this work activity did not rise to the level of substantial gainful activity. ([10-1] at 18). At step two, the ALJ found that Plaintiff had the following severe impairments: "major depressive disorder with anxious distress; obesity; obstructive sleep apnea; mild restrictive lung disease; polyarthritis; status post-bilateral carpal tunnel release; disorders of the cervical and lumbar spines; and flatfoot deformity." ([10-1] at 18). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. ([10-1] at 18).

---

[1] This analysis requires the ALJ to make the following determinations:
  (1) whether the claimant is presently engaging in substantial gainful activity (if so, a finding of "not disabled" is made);
  (2) whether the claimant has a severe impairment (if not, a finding of "not disabled" is made);
  (3) whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Part 404, Subpart P, Appendix 1 (if so, then the claimant is found to be disabled);
  (4) whether the impairment prevents the claimant from doing past relevant work (if not, a finding of "not disabled" is made);
  (5) whether the impairment prevents the claimant from performing any other substantial gainful activity (if so, the claimant is found to be disabled).

*See* 20 C.F.R. §§ 404.1520, 416.92. The burden of proof rests upon the claimant throughout the first four steps; if the claimant is successful in sustaining his burden through step four, the burden then shifts to the Commissioner at step five. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

The ALJ then examined the record and determined that Plaintiff had the residual functional capacity ("RFC")[2] to perform sedentary work as defined in 20 C.F.R. § 404.1567(a) and 416.967(a),[3] with the following exceptions:

> [T]he individual [can] occasionally stoop, crouch, kneel, and climb ramps and stairs. She can frequently reach bilaterally in all directions, including overhead. She can frequently finger, feel, and handle. She can tolerate occasional exposure to dusts, fumes, noxious odors, gases, smoke, irritating inhalants, mists, and areas of poor ventilation. She can tolerate occasional exposure to vibrations and temperature extremes. She can frequently operate hand and foot controls bilaterally. She can work at heights and near bodies of water when protected from falls. She can work with handheld, but non-moving, tools and equipment. She cannot operate motorized vehicles. The individual can understand, remember, and carry out simple and routine job instructions to perform simple, routine, repetitive tasks. She can tolerate occasional interaction with supervisors and co-workers, and she would work best with objects not people. She can maintain attention, concentration, and pace to perform simple, routine, repetitive tasks. She can be punctual and work within a set schedule. She can successfully complete simple, routine, repetitive work duties without special supervision. She can use judgment to make decisions related to simple, routine, repetitive tasks. She can tolerate occasional changes in the work setting.

([10-1] at 22).

At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. ([10-1] at 34). At step five, however, the ALJ found that jobs existed in significant numbers in the national economy which Plaintiff could perform. Accordingly, the ALJ determined that Plaintiff was not disabled. ([10-1] at 35-36).

---

[2] "Residual Functional Capacity" is defined as the most an individual can still do despite the physical and/or mental limitations that affect what the individual can do in a work setting. 20 C.F.R. §§ 404.1520(a)(4), 404.1545(a)(1).

[3] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a); 20 C.F.R. § 416.967(a).

## STANDARD OF REVIEW

This Court's review of the Commissioner's decision is limited to determining whether there is substantial evidence to support the Commissioner's findings and whether the correct legal standards were applied in evaluating the evidence. *Hollis v. Bowen*, 837 F.2d 1378, 1382 (5th Cir. 1988). Substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hames v. Heckler,* 707 F.2d 162, 164 (5th Cir. 1983). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established." *Id*.

However, "[a] finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001) (internal citations and quotations omitted). Conflicts in the evidence are for the Commissioner, not the courts, to resolve. *Selders v. Sullivan,* 914 F.2d 614, 617 (5th Cir. 1990). A court may not re-weigh the evidence, try the issues *de novo*, or substitute its judgment for the Commissioner's, "even if the evidence preponderates against" the Commissioner's decision. *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988). If the decision is supported by substantial evidence, it is conclusive and must be affirmed. *Selders,* 914 F.2d at 617. Moreover, "'[p]rocedural perfection in administrative proceedings is not required' as long as 'the substantial rights of a party have not been affected.'" *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007) (quoting *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir.1988)).

## ANALYSIS

Plaintiff presents a single issue for this Court's consideration: "Did the ALJ err in his analysis of the medical opinions in this case?" ([15] at 3). According to Plaintiff, "the ALJ failed to properly articulate how he considered the opinions of the State Agency Medical Consultants."

([15] at 4). Pursuant to Social Security Administration regulations, an ALJ need "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinions," including those from treating medical sources. *See* 20 C.F.R. § 404.1520c(a). Instead, an ALJ must evaluate the "persuasiveness" of medical opinions by utilizing five factors: supportability, consistency, relationship with the claimant, specialization, and other factors.[4] *See* 20 C.F.R. § 404.1520c(c). The most important factors are supportability and consistency. *See* 20 C.F.R. § 404.1520c(b)(2). An ALJ is required to explain how he considered the supportability and consistency factors, but need not explain how he considered the other factors in determining the persuasiveness of the medical opinion. *See* 20 C.F.R. § 404.1520c(b)(2).

On July 6, 2021, Dr. Carol Kossman, a state agency consultant, performed an assessment of Plaintiff's physical RFC and determined that she could perform sedentary work. ([10-2] at 5-18). On January 14, 2022, Dr. Glenn James affirmed Dr. Kossman's determination that Plaintiff could perform sedentary work. ([10-2] at 21-29).

The ALJ addressed the consultants' opinions and stated as follows:

> Carol Kossman, M.D., opined that the claimant could perform *light* work with occasional postural activities; occasional climbing; and the need to avoid even moderate exposure to fumes, odors, dusts, gases, and poor ventilation. Glenn James, M.D., affirmed the prior opinion upon reconsideration. The undersigned finds the opinions of these State agency medical consultants unpersuasive because they are inconsistent with and unsupported by the remaining record.

([10-1] at 29) (citations omitted) (emphasis added).

The ALJ went on to determine that Plaintiff could not perform light work, but only less than a full range of sedentary work. Plaintiff points out that the ALJ was mistaken about the

---

[4] Other factors include, but are not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability programs, policies and evidentiary requirements." *See* 20 C.F.R. § 404.1520c(c)(5).

consultants' opinions which found Plaintiff could perform sedentary work, not light work. As a result, argues Plaintiff, the ALJ failed to properly explain how he evaluated the persuasiveness of the consultants' opinions, and his analysis does not create a logical bridge between the evidence and the determination.

The Commissioner admits that the ALJ made a factual error but contends that the error is harmless. According to the Commissioner, "this Court can read the decision and know what evidence the ALJ considered and understand why the ALJ reached the given result." ([16] at 7).

After mistakenly noting that the consultants found Plaintiff could perform light work, the ALJ explained why the record does not support such a finding, but instead supports a finding that she can perform less than a full range of sedentary work. The ALJ noted that Plaintiff underwent an L5-S1 laminectomy and that an MRI taken in July of 2020 revealed moderate to severe residual bony foraminal stenosis at L5-S1 and a small disc bulge at L4-5. ([10-1] at 29). The ALJ also noted that Plaintiff is obese and suffers from a flatfoot deformity. ([10-1] at 29). He concluded that "[t]he claimant's obesity and flatfoot deformity, in combination with the above findings related to disorders of the spine, support the claimant's limitation to less than a full range of sedentary work." ([10-1] at 29).

The ALJ, however, cited to other evidence demonstrating that Plaintiff's impairments, while severe, were not disabling. He noted that Plaintiff received inconsistent treatment for pain in her neck and back and that clinical findings frequently showed normal range of motion of her spine, normal motor strength, intact sensation, normal gait and balance, and no tenderness. ([10-1] at 23-24, 29). He noted radiographs from February of 2021 showing a normal cervical spine. ([10-1] at 24, 29).

The ALJ considered Plaintiff's subjective complaints, including her alleged inability to sit or stand for more than thirty minutes at a time or to walk for more than thirty to forty-five minutes and her alleged impaired balance and difficulty bending at the waist. ([10-1] at 23). The ALJ discounted Plaintiff's statements, finding they were inconsistent with the clinical findings. ([10-1] at 23).

The ALJ's decision offers a thorough review of the evidence of record. The ALJ considered subjective complaints, medical records, and the medical opinions of record, including the opinions of the state agency consultants. The ALJ provided an explanation of his evaluation of the factors of supportability and consistency and, thus, the persuasiveness of the state agency consultants' opinions.

The parties agree the ALJ's evaluation of the consultants' opinions is based, in part, on a factual mistake. Nevertheless, Plaintiff must do more than point out the ALJ's mistake. As previously mentioned, "[p]rocedural perfection in administrative proceedings is not required as long as the substantial rights of a party have not been affected." *Audler*, 501 F.3d at 448. Errors affect the substantial rights of a party when they "cast into doubt the existence of substantial evidence to support the ALJ's decision." *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988). "Harmless error exists when it is inconceivable that a different administrative conclusion would have been reached even if the ALJ did not err." *Keel v. Saul*, 986 F.3d 551, 556 (5th Cir. 2021). Plaintiff bears the burden of showing that the ALJ's mistake was prejudicial. *See Jones v. Astrue*, 691 F.3d 730, 734-35 (5th Cir. 2012).

Here, Plaintiff has failed to meet that burden. In his decision, the ALJ explains why the evidence supports what was in fact the consultants' opinions—that Plaintiff can perform sedentary work. Thus, the consultants' actual opinions support the ALJ's determination. It is

inconceivable that the ALJ would have reached a different conclusion had he realized or noted that the consultants' opinions actually *supported* that conclusion. The error is therefore harmless.

## CONCLUSIONS AND RECOMMENDATIONS

Based on the foregoing, the undersigned finds that the Commissioner's decision is supported by substantial evidence and that no reversible error of law was committed by the ALJ. Accordingly, the undersigned recommends that the Commissioner's final decision be AFFIRMED and this action be DISMISSED with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This 5th day of January, 2024.

                                                    s/ Michael T. Parker
                                                  United States Magistrate Judge