IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**CANDACE NIKKI THOMAS**                                                                   **PLAINTIFF**

vs.                                                         CIVIL ACTION NO.: 3:23-CV-00163-HTW-MTP

**COMMISSIONER OF SOCIAL**                                                            **DEFENDANT**
**SECURITY**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

BEFORE THE COURT is the Report and Recommendation of United States Magistrate Judge Michael T. Parker, filed in the above-captioned matter on January 5, 2024. [Docket No. 17]. Magistrate Judge Parker ultimately recommended that this Court affirm the Commissioner's final decision and dismiss the above-captioned action with prejudice. *Id.* at 8. Magistrate Judge Parker directed the parties to file any objections within fourteen (14) days. *Id.* Neither party has filed an objection to date.[1]

Magistrate Judge Parker explained that Plaintiff presented only a single issue for this Court's consideration: whether a factual error in the Administrative Law Judge ("ALJ")'s opinion constitutes reversible error. *Id.* at 4–6; *see also* [Docket No. 15 (Plaintiff's brief)] at 3–4. The parties do not dispute that the ALJ made a mistake: The ALJ recounted medical consultants', Dr.

---

[1] "[A] party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation … after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object." *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1). Here, Magistrate Judge Parker's report explicitly warned Plaintiff of the *Douglass* rule. [Docket No. 17] at 8; *see Charles v. Kijakazi*, 855 F. App'x 981, 982 (5th Cir. 2021).

Carol Kossman's and Dr. Glenn James', record opinions as that "claimant could perform light work," when, in fact, the medical consultants rated claimant's work potential as "sedentary." *Id.* at 5–6; *also compare* [Docket No. 17 (Administrative Record)] at 28 *with id.* at 86, 88. The ALJ then rejected the misrepresented medical opinions as "unpersuasive because they are inconsistent with and unsupported by the remaining record" and independently found that the evidence "support[s] the claimant's limitation to less than the full range of sedentary work." [Docket No. 17] at 28.

The parties disagree on the effect this factual mistake has on the propriety of the ALJ's opinion. Plaintiff argues that the mistake "created prejudice to Plaintiff," and levies a two-pronged attack. [Docket No. 15] at 5. First, Plaintiff argues:

> [i]f the ALJ had considered the actual … opinions assessed by the state agency medical consultants … then finding an opinion more restrictive than the one he assessed to Plaintiff, a less than sedentary [residual function capacity], would have likely altered the result of his decision. If an opinion that was actually sedentary was to be unsupported by the remaining record, then logically, the [residual function capacity] should be reduced an exertional level below what was opined by the state agency physicians.

*Id.* This Court interprets Plaintiff as arguing syllogistically that:

> (A) if the ALJ errantly regarded the medical consultants as rating Plaintiff's work capacity higher than they did, and
>
> (B) if the ALJ meant to rate Plaintiff's work capacity as less than the medical consultants opined,
>
> Then, "logically," had the ALJ properly recounted the medical opinions, the ALJ would have been compelled to rate Plaintiff's work capacity *even lower* than he ultimately did.

While neither Defendants nor Magistrate Judge Parker squarely addresses this argument, this Court opts to reject it without reviewing battling briefing. Plaintiff has not demonstrated her necessary assumption that the ALJ intended to rate Plaintiff's work capacity as less than that of the medical

consultants as a rule. Indeed, the ALJ's errant misrepresentation of the medical opinions militates against such a conclusion. This Court finds Plaintiff's first argument is not logically sound.

Secondly, Plaintiff argues that "[t]he ALJ's analysis of the medical evidence in this present case, specifically that of the [Disability Determination Services] physicians is confusing and fails to create a discernable 'logic bridge' between the evidence and the ALJ's persuasiveness finding[.]" *Id.* at 7. In response, Defendant argues that "the ALJ here provided the Court 'sufficient information to conduct a meaningful appellate review' of the decision-making process" because "this Court can read the decision and know what evidence the ALJ considered and understand why the ALJ reached the given result." [Docket No. 16] at 6–7 (quoting *Clay v. Kijakazi*, NO. 4:21-cv-149-SA-DAS, No. 2022 WL 13989015 (N.D. Miss. 2022)). Defendant paints Plaintiff as seeking "an arbitrary level of detail" and an explanation of "*how* the doctor's opinions weren't supported by the record." *Id.* at 7 (emphasis original) (cleaned up).

Magistrate Judge Parker credits Defendant's argument as a contention that "the error is harmless." [Docket No. 6] at 6. Magistrate Judge Parker agrees:

> In his decision, the ALJ explains why the evidence supports what was in fact the consultants' opinions—that Plaintiff can perform sedentary work. Thus, the consultants' actual opinions support the ALJ's determination. It is inconceivable that the ALJ would have reached a different conclusion had he realized or noted that the consultants' opinions actually supported that conclusion. The error is therefore harmless.

*Id.* at 7-8. Magistrate Judge Parker's reasoning is sound as to the ALJ's rating of Plaintiff's work capacity as "less than the full range of sedentary work." *Id.* at 5. *How* the ALJ discounted medical opinions that Plaintiff could perform "light" work is a moot point where those medical opinions actually state that Plaintiff could perform "sedentary" work.

But another error remains, this one legal: Given that the ALJ only discussed Dr. Kossman's opinions (and Dr. James' affirmance thereof) to the extent of misquoting them and then attacking

that straw man as inconsistent with other record evidence, this Court finds that the ALJ effectively did not discuss these opinions at all. Such a failure to evaluate a record medical opinion runs afoul of Social Security Administration regulation compelling the ALJ to "articulate … how persuasive" the ALJ finds "all of the medical opinions" in the case record, see e.g., 20 C.F.R. §§ 404.1520c(b), 416.920c(b), and the Fifth Circuit's holding that an "ALJ legally erred by rejecting [the examining physician's opinion] without explanation, which resulted in a [residual functional capacity determination] not based on substantial evidence" in *Kneeland v. Berryhill*, 850 F.3d 749, 761–62 (5th Cir. 2017).

Therefore, this Court must determine whether it is "inconceivable that a different administrative conclusion would have been reached" had the ALJ properly evaluated Dr. Kossman's medical opinions, and, thus, whether this error is also harmless. *Keel v. Saul*, 986 F.3d 551, 556 (5th Cir. 2021). Plaintiff points out that, in substance, "Dr. Kossman opined that Plaintiff was only limited to two hours of standing and/or walking throughout the day." [Docket No. 15] at 4 (citing [Docket No. 10] at 86). Plaintiff seems implicitly to argue that this information would have affected the ALJ's analysis.

More specifically, Dr. Kossman evaluated Plaintiff as having the capacity to "[o]ccasionally" lift and/or carry 20 pounds and "[f]requently" lift and/or carry 10 pounds—and to "[s]tand and/or walk (with normal breaks)" for 2 hours and "[s]it (with normal breaks) for a total of[ a]bout 6 hours in an 8 hour workday." [Docket No. 10] at 86. These details track the hypothetical "vocational profile" that the ALJ posed to the vocational expert at Plaintiff's hearing. *Id.* at 66–67. In response to this hypothetical, and further limitations thereof, the vocational expert quoted examples of available matching jobs during the hearing, and the ALJ listed these jobs in his opinion (i.e., "lens inserter," "tube operator," and "foundation maker"). *Compare id.* at 69,

*with id.* at 34.  In light of these matching details, and others, this Court finds that the ALJ expressly considered the substance of Dr. Kossman's medical evaluation when drafting his opinion and denying Plaintiff disability benefits.  Given the consonance between the testimony of the vocational expert, the ALJ's other findings, which are unchallenged by Plaintiff in this action, and the ALJ's conclusion, this Court finds it inconceivable that the ALJ would have reached a different administrative conclusion had he represented Dr. Kossman's and Dr. James' medical opinions in his discussion.

In view of the foregoing discussion, this Court ADOPTS Magistrate Judge Parker's Report and Recommendation.  Accordingly, the Commissioner's final decision is AFFIRMED, and this action is DISMISSED with prejudice, with the parties to bear their own costs.

**SO ORDERED AND ADJUDGED this the  15th  day of   August  , 2024.**

**/s/ HENRY T. WINGATE**
**HENRY T. WINGATE**
**UNITED STATES DISTRICT COURT JUDGE**